■ In the Matter of REGENCY PARK ASSOCIATES, Appellant-Respondent, v MIKE SWAN, as Assessor for the Town of Queensbury, et al., Respondents-Appellants, and QUEENSBURY UNION FREE SCHOOL DISTRICT, Intervenor-Respondent-Appellant. (And Eight Other Related Proceedings.)—Harvey, J. Cross appeals (1) from an order of the Supreme Court (Dier, J.), entered November 14, 1989 in Warren County, which, in a proceeding pursuant to RPTL article 7, partially granted petitioner's motion seeking an extension of time in which to submit a supplemental appraisal report, and (2) from an order of said court, entered January 23, 1990 in Warren County, which, upon reargument, modified the court's prior order by allowing respondents certain relief.

Petitioner, the owner of an apartment complex located in the Town of Queensbury, Warren County, commenced tax certiorari proceedings for its property for the tax years 1980

to 1987 and 1989. The proceeding for 1986 was dismissed, and the remaining proceedings have been consolidated or joined. At one point, the Queensbury Union Free School District was allowed to intervene as a party. On July 17, 1987, the parties were directed by court order to file appraisal reports within 60 days. Thereafter, various extensions to this deadline were apparently agreed upon which occurred contemporaneously with unsuccessful settlement negotiations. On April 29, 1988, petitioner apparently filed its original appraisal and respondents filed their appraisal sometime thereafter. The matter was then set down for trial in September 1989.

Before the trial commenced, however, petitioner moved for an extension of time in which to serve a supplemental appraisal. The amount of additional time requested in one affidavit was 2 to 3 months. The principal basis for this request was the fact that petitioner's former attorney, who was dying of cancer, allegedly mistakenly filed the original appraisal report with the court. Petitioner averred that in actuality, the report had only been prepared as part of a settlement that had been tentatively agreed upon but never implemented. Because the report was only based upon one valuation approach (income capitalization) and did not refer to any other valuation approaches (i.e., market value or replacement cost), petitioner argued that it needed further time to submit a "complete" appraisal. Respondents opposed the application, claiming that petitioner had not shown sufficient "good cause" (22 NYCRR 202.59 [h]). Nonetheless, by order entered November 14, 1989, Supreme Court granted petitioner's request but only allowed the parties 30 days from the notice of entry of the order to submit supplemental appraisals of the property. Petitioner filed a notice of appeal from this order and respondents and intervenor filed cross appeals. Thereafter, by order to show cause, respondents moved to reargue the case and requested certain other relief. In its opposition papers, petitioner also requested that its time be further extended because the appraiser who had performed the original appraisal was presently too busy to complete the full appraisal within 30 days. By order dated January 19, 1990, Supreme Court granted reargument and modified its previous order only to the extent that it granted respondents' relief not at issue herein. Supreme Court's original order was otherwise to remain the same. Petitioner appeals from both orders.

This protracted litigation has been fraught with difficulties. Aside from the illness of petitioner's former attorney, there also arose circumstances in which the sitting Judge in the

case had to be changed several times for reasons beyond the parties' control. Respondents understandably seek an end to further delays and urge this court to affirm the prior orders. At oral argument, however, this court was informed that, in the event that an extension is granted, petitioner only requires a further 15 days to submit a supplemental or amended appraisal. Assuming this to be true, and considering the amount of time already invested in this matter, we hereby grant petitioner 30 days from the date of this court's decision to submit its final appraisal report. In so doing, we decline to criticize Supreme Court's exercise of discretion in this matter and merely grant this relief as an exercise of our own discretion. Needless to say, any further requests for extensions by petitioner on these same grounds will not be viewed favorably by this court in light of the representations made at oral argument.

Order entered November 14, 1989 modified, as a matter of discretion in the interest of justice, without costs, by vacating the phrase "filed within thirty days from the notice of entry of this order" and substituting therefor the phrase "filed within thirty days from the date of the decision of the Appellate Division, Third Department", and, as so modified, affirmed.

Appeal from order entered January 23, 1990 dismissed, as academic, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.